UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

---

Amber Chavez, on behalf
of herself and all others similarly situated,

                    Plaintiff,

v.

Get It Now, LLC d/b/a Home Choice,

                    Defendant.

**CLASS ACTION COMPLAINT**

**WITH JURY TRIAL DEMAND**

---

Plaintiff, Amber Chavez, individually, and on behalf of all others similarly situated, brings this class action complaint for damages against Get It Now, LLC d/b/a Home Choice, under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., Effect of Discharge Violation, 11 U.S.C. § 524, Malicious Prosecution, and Abuse of Process. This Complaint seeks to remedy multiple and continuing violations of the federal and state law by Defendant, Get It Now, LLC d/b/a Home Choice.

## JURISDICTION

1.     This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Servicer Act, 12 U.S.C. § 2605. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.     Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

3.  Plaintiff Amber Chavez (hereinafter referred to as "Plaintiff") is a debtor in the bankruptcy and is a natural person who resides in the city of Hopkins, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by Section 603(c) of the FCRA, 15 U.S.C. § 1681a(c).

4.  Defendant Get It Now, LLC d/b/a Home Choice (hereinafter referred to as "Defendant") is a domestic corporation that regularly transacts business in the state of Minnesota at an address of 1136 Vierling Drive, Shakopee, MN 55379, with its headquarters located at 5501 Headquarters Drive, Plano, TX 75024.

5.  Defendant is a "furnisher" as that term is defined by 15 U.S.C. 1681s-2, and is a "servicer" as that term is defined by 12 U.S.C. § 2605(i)(2).

## FACTUAL SUMMARY

6.  In March 2015, Plaintiff opened a line of credit with Defendant, which was assigned the account number beginning 16990441793394.

7.  Sometime thereafter, Plaintiff fell behind on her financial obligation with Defendant.

8.  On June 26, 2015, Plaintiff commenced the underlying Chapter 7 bankruptcy case, Case no. 15-42275 – RJK.

9.  Plaintiff scheduled Defendant as a unsecured creditor in the bankruptcy at an address of 1136 Vierling Drive, Shakopee, MN 55379.

10.    Notice of filing of the Bankruptcy was sent by the bankruptcy Noticing Center to Defendant by first class mail to the scheduled address on June 29, 2015. It was not returned by the post office.

11.    Plaintiff received a discharge in the bankruptcy on September 9, 2015. A copy of the Discharge was sent by the bankruptcy Noticing Center to Defendant by first class mail to the scheduled address on October 2, 2015. It was not returned by the post office.

12.    On November 16, 2015, Despite having prior notice of Plaintiff's bankruptcy proceeding, without seeking or obtaining prior permission from the bankruptcy Court, and in violation of the Discharge of Debtors under 11 U.S.C. § 542, in an attempt to collect a debt, Defendant filed suit for civil collection in conciliation court against Plaintiff in Hennepin County, Case No.: 27-CO-15-7760.

13.    In order to attend the initial hearing, Plaintiff was forced to take a day off work and miss out on a day's worth of pay estimated at $200.

14.    In January 2016, at the initial hearing in the collection case against her, Plaintiff was met by a manager of one of Defendant's stores, just before the hearing was set to begin.

15.    Defendant's agent attempted to negotiate with Plaintiff the balance and pay structure of her debt.

16.    This was the same debt that was in fact discharged in bankruptcy.

17.    Plaintiff was then strong-armed into continuing to pay $127 per month towards the remainder of the balance towards the same debt that was in fact discharged.

18.    Since the hearing, Defendant has illegally obtained roughly eleven monthly payments, in the amount of $1,397, made by Plaintiff towards the debt that was discharged in her bankruptcy.

19.    On August 17, 2016, Plaintiff obtained a copy of her credit report and discovered that the national credit reporting agencies were inaccurately reporting the account with Defendant (partial account number 16990441793394) as, "Current; Paid or Paying as Agreed" and "$127 per month, paid monthly for 18 months," which was impossible as Plaintiff had just recently received a discharge in her chapter 7 bankruptcy which listed Defendant as a discharged creditor.

20.    In September of 2016, Plaintiff sent disputes to each of the three national credit reporting agencies explaining that there should be no balance on the account as it was discharged in her bankruptcy.

21.    Each of the three national credit reporting agencies notified Defendant of Plaintiff's dispute in accordance with 15 U.S.C. §1681i.

22.    Sometime thereafter, the credit reporting agencies responded to Plaintiff's dispute letter and reported that Defendant had verified that the debt was still due and owing and would remain on her credit report.

23.    Plaintiff had no success with the disputes to the three national credit reporting agencies.

24.    Defendant failed to conduct a reasonable investigation into Plaintiff's disputes as conveyed by the credit reporting agencies and failed to correct the inaccurate account balance information being reported in violation of 15 U.S.C. §1681s-2(b).

25.   Due to Defendant's failure to conduct reasonable investigations of Plaintiff's dispute, the false reporting on Plaintiff's credit report was not appropriately deleted, modified or at a minimum reported as "disputed" in the compliance condition code field.

26.   As a result of Defendant's violations, Plaintiff has suffered reduced credit, emotional distress, embarrassment, frustration, and anxiety constituting actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and § 1681n.

27.   Defendant's actions were willful and in full knowledge and awareness of Plaintiff's bankruptcy filing and that they were previously discharged as a debtor.

28.   Within Defendant's actions existed an ulterior purpose, and was an attempt to accomplish a result not within the scope of the proceedings in which it was issued.

29.   Defendant's purpose in taking Plaintiff to conciliation court was to deceive her into continuing to pay on the following former debt of Plaintiff, which was ultimately discharged and the subject of Defendant's collection efforts.

30.   The purpose of Defendant's actions was either to accomplish an unlawful end or to compel Plaintiff to continue to pay a debt that she was no longer legally required to pay.

31.   Defendant's collection efforts through judicial process against Plaintiff after the discharge of debtors went into effect was with malicious intent in an attempt to force Plaintiff to pay a debt that was protected by the Discharge of Debtors Provisions under 11 U.S.C. § 524, and intentionally circumvented judicial process by choosing to take Plaintiff to conciliation court.

32. In maliciously pursuing Plaintiff and abusing judicial process, Defendant has caused Plaintiff to suffer emotional distress, fear, anxiety, frustration, and out of pocket expenses in the form of attorney's fees paid in defending Defendant's baseless actions.

## CLASS ALLEGATIONS

33. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

> (A) *ALL CONSUMERS IN THE UNITED STATES WHO WITHIN THE PAST 4 YEARS EXPERIENCED COLLECTION ACTIVITY AGAINST THEM ON CONSUMER DEBTS THAT HAD BEEN DISCHARGED IN BANKRUPTCY.*

> (B) *ALL CONSUMERS IN THE UNITED STATES WHO WITHIN THE PAST 4 YEARS EXPERIENCED COLLECTION ACTIVITY AGAINST THEM ON CONSUMER DEBTS THAT HAD BEEN DISCHARGED IN BANKRUPTCY AND PAID MONEY TO DEFENDANT.*

34. Defendant regularly engages in collection efforts through judicial process against consumers on discharged consumer debts after the debts have been discharged in bankruptcy proceedings.

35. The Class, upon information and belief, consists of more than fifty (50) people from whom Defendant attempted to illegally collect on discharged consumer debts through the use of the judicial process in a manner similar to Plaintiff.

36. The Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class

and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not a party to the adjudication, or substantially impair or impede their ability to protect their interests. The Defendant has acted in a manner applicable to the Class as a whole that warrants relief.

38. Plaintiff Amber Chavez will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because the Defendant's conduct was perpetrated on all members of the Class, and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions involving class actions and consumer protection laws, including the FCRA.

## PLAINTIFF'S DAMAGES

39. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully stated herein.

40.    As a result of Defendant's violations, Plaintiff has suffered actual damage in the form of out of pocket loss, damage to her credit profile, weakening of her credit worthiness, diminishment of her general reputation, and depletion of his credit score.

41.    Defendant's aforementioned conduct and violations have caused Plaintiff's psychological well-being and sense of self-worth to suffer.

42.    Plaintiff has also suffered emotional distress in the form of hopelessness, stress, irritation, loss of sleep, anger, frustration, anxiety, loss of time trying to correct obvious errors, and fear, all as a result of Defendant's conduct.

43.    As a result of Defendant's inaccurate reporting to the credit reporting agencies, Plaintiff has suffered reduced credit, emotional distress, embarrassment, frustration, and anxiety constituting actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and § 1681n.

44.    As a result of Defendant's willful and/or negligent conduct, Plaintiff is entitled to actual, statutory, and punitive damages in addition to attorney's fees and costs pursuant to 15 U.S.C. §1681o and §1681n.

## STANDING

45.    Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

46.    Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide accurate and complete information in connection with its credit reporting.

## TRIAL BY JURY

47.    Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7.

Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT –
### 15 U.S.C. § 1681 *et seq.*

48.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein.

49.    Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable

investigation with respect to the disputed information, failing to review all relevant

information available to it and documentation provided by Plaintiff, and failing to

update and/or remove the inaccurate tradeline or, in the alternative, to report the

account as "disputed" by changing the Metro II CCC (Compliance Condition

Codes) Code to "XB."

50.    As a result of Defendant's violations of the FCRA, Plaintiff has suffered actual

damages not limited to out-of-pocket expenses, detriment to her credit rating,

emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an

amount to be determined at trial.

51.    Defendant's conduct, actions, and inactions were willful, rendering it liable for

damages in an amount to be determined by the Court pursuant to 15 U.S.C.

§ 1681n.

52.  Alternatively, Defendant's violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

53.  Plaintiff is entitled to recover actual damages, statutory damages, and costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### DISCHARGE VIOLATION
### 11 U.S.C. § 524

54.  Plaintiff incorporates by reference the allegations of all proceeding paragraphs as though fully stated herein.

55.  Defendant received notice of the entry of the discharge injunction by means of the notice sent to it by the Bankruptcy Noticing Center.

56.  Defendant willfully violated the Discharge Injunction by (a) filing for civil collection against Plaintiffs in the 7th Judicial District Court and (b) attempting to collect on debt that was previously discharged in Bankruptcy.

57.  Wherefore, Plaintiff requests judgment against Defendant for actual and punitive damages, together with interest, costs of suit, reasonable attorney's fees and disgorgement of the money collected from her illegally.

## COUNT III

### MALICIOUS PROSECUTION

35.  Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

36.  Defendant initiated and continued an unjustifiable and unreasonable attempt at civil collection against Plaintiff.

37.  The intentional conduct of the Defendant amounted to Malicious Prosecution and an illegitimate attempt at trying to force Plaintiff into continuing to pay on a debt that they have no legal obligation to do so, and has caused damage to Plaintiff in out-of-pocket expenses incurred in defending against the baseless civil collection suit.

38.  Plaintiff is entitled to actual and compensatory damages from Defendant for willfully initiating an attempted civil collection suit and continuing collection activity thereby inflicting anxiety, fear, and emotional distress upon Plaintiff.

## COUNT IV

## ABUSE OF PROCESS

39.  Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

40.  Defendant had an ulterior purpose in serving Plaintiff with a civil collection suit in conciliation court.

41.  Defendant's motive in initiating this baseless civil action was improper in that it was in effect an effort to pursue a judgment, intimidate Plaintiff, and collect debt allegedly owed by Plaintiff to Defendant, when in fact the debt was discharged in bankruptcy court.

42.  Defendant willfully used process improperly to intimidate Plaintiff and compel them to pay a debt they had already discharged in bankruptcy court.

43. Defendant's conduct, action or inaction, was willful, intentional and done in reckless disregard of the consequences.

44. As a result of Defendant's conduct, Plaintiff's damages include time, and effort, and out-of-pocket expenses incurred in order to defend against the suit for civil collection against her.

45. Plaintiff is entitled to compensatory damages from Defendant for willfully misusing and abusing process and for inflicting anxiety, fear, and emotional distress on Plaintiff.

## COUT V

## Unjust Enrichment / Conversion

46. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

47. Defendant benefited from the payments conveyed to them by Plaintiff despite the fact that the debt was previously discharged in bankruptcy.

48. Defendant was aware that it was receiving the benefit of these payments and accepted and retained that benefit.

49. Defendant's acceptance and retention of the benefit of the illegal post-discharge payments was inequitable and resulted in Defendant being unjustly enriched.

50. Plaintiff is entitled to disgorgement against Defendant in order to prevent unjust enrichment of the illegal profits they have collected since the date of the discharge.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

- Certifying this matter as a class action;
- an award of actual and statutory damages against Defendant for its violations of the FCRA pursuant to 15 U.S.C. §§ 1681n and 1681o;
- an award of punitive damages against Defendant for its willful noncompliance with the FCRA pursuant to 15 U.S.C. § 1681n;
- an award of costs and attorney's fees against Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o;

- an award be entered against Defendant, and in favor of Plaintiff for actual damages, including attorneys' fees and costs, as well as punitive and/or exemplary damages for Defendant's violation of the Discharge Injunction;

- Finding Defendant in contempt of court for having knowingly, willfully, and deliberately violated the Discharge Injunction;

- Ordering Defendant to refrain from attempting to collect against Plaintiff;

- Award Plaintiff actual and compensatory damages for Malicious Prosecution and Abuse of Process against Defendant in an amount to be determined at trial;

- Disgorgement against Defendant of all funds paid in order to prevent the unjust enrichment and conversion of the illegal profits they have collected since the date of the discharge; and

- That the Court grant such other and further relief as may be just and proper.


Dated: May 5, 2017                    Respectfully submitted,

                                      By: s/Mark L. Vavreck_____

                                      Mark L. Vavreck, Esq.
                                      Attorney I.D. #: 0318619
                                      **GONKO & VAVRECK PLLC**
                                      Designers Guild Building
                                      401 North Third Street, Suite 600
                                      Minneapolis, MN 55401
                                      Telephone:  (612) 659-9500
                                      Facsimile:  (612) 659-9220

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile:  (651) 704-0907
Email: tommycjc@aol.com

***ATTORNEYS FOR PLAINTIFF***

14

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA     )
                                ) ss

COUNTY OF _RAMSEY_     )

       I, Amber Chavez, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/ _Amber Chavez_
Amber Chavez

Subscribed and sworn to before me
This 2nd day of February, 2017.
MAY

s/
Notary Public

JAYLANA DALLESHIA PETERS
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2020