## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Amber Chavez, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Get It Now, LLC d/b/a/ Home Choice,<br><br>　　　　　　Defendant. | Case No. 17-1490 (DWF/HB)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

Mark L. Vavreck, Esq., Gonko & Vavreck, PLLC; and Thomas J. Lyons, Jr., Esq., Consumer Justice Center, P.A., counsel for Plaintiff.

Cameron A. Lallier, Esq., and Thomas J. Lallier, Esq., Foley & Mansfield, PLLP, counsel for Defendant.

### INTRODUCTION

This matter is before the Court on Defendant Get It Now, LLC's Motion to Compel Arbitration and Stay Action. (Doc. No. 5.) Plaintiff Amber Chavez opposes Defendant's motion. (Doc. No. 10.) For the reasons set forth below, Defendant's motion is denied.

### BACKGROUND

Chavez's Complaint arises out of her purchase of a number of home furnishings from Get It Now. (*See generally* Doc. No. 1 ("Compl."); Doc. No. 7, Ex. A ("Agreement") at 14.) To finance the purchase, Chavez obtained a line of credit from Get It Now in March 2015. (Compl. ¶ 6.) On April 20, 2015, Chavez and Get It Now

entered into a Retail Installment Sale Contract and Security Agreement (the "Agreement"). (Agreement at 14-21.) This Agreement also contained an Arbitration Agreement (the "Arbitration Agreement"). (*Id.* at 17-21.)

Chavez was unable to make timely payments on her account, and she pursued a Chapter 7 bankruptcy. (*Id.* at ¶¶ 7-8.) On June 26, 2015, Chavez initiated her bankruptcy case in the District, Case No. 15-42275. (*Id.* ¶ 8.) On September 29, 2015, Chavez obtained a discharge. (*Id.* ¶ 11; *see also* Doc. No. 10 at 2 n.1.) Notices of the bankruptcy filing and resulting discharge were mailed to Get It Now. (Compl. ¶¶ 10-11.) Chavez did not sign a reaffirmation agreement with Get It Now in connection with her bankruptcy. (Doc. No. 11 ("Chavez Aff.").)

On November 16, 2015, Get It Now initiated a lawsuit against Chavez in Hennepin County Conciliation Court, Case No. 27-CO-15-7760, seeking to collect the discharged debt. (*Id.* ¶¶ 12, 15-16.) Get It Now persuaded Plaintiff to agree to repay the discharged debt in monthly installments of $127. (*Id.* ¶ 17.) Chavez thereafter made payments to Defendant totaling $1,397. (*Id.* ¶ 18.) On January 25, 2016, Chavez and Get It Now entered into a new Retail Installment Sale Contract and Security Agreement containing its own Arbitration Agreement. (Agreement at 5-12.)

On August 17, 2016, Chavez determined that her credit report contained inaccurate information regarding her account with Get It Now, namely that the account contained a balance that was being repaid on a monthly basis rather than stating that the balance had been discharged in Bankruptcy. (Compl. ¶¶ 19-20.) Chavez disputed this information to the credit reporting agencies, and Get It Now responded by asserting that

Chavez continued to owe the debt. (*Id.* ¶¶ 20-22.) Thus, the debt remained on Chavez's credit report. (*Id.* ¶¶ 22-23, 25.)

On May 5, 2017, Chavez filed the Complaint in the present action, asserting the following claims on behalf of herself and a putative class: (1) Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (Count I); (2) Bankruptcy Discharge Violation Under 11 U.S.C. § 524 (Count II); (3) Malicious Prosecution (Count III); (4) Abuse of Process (Count IV); and (5) Unjust Enrichment/Conversion (Count V). (*See* Compl. at 6-7, 9-12.) Chavez seeks damages; attorney fees and costs; injunctive relief directing Defendant to desist collection efforts; and a finding of contempt based on Get It Now's violation of the Discharge Injunction. (*See* Compl. at Prayer for Relief.) Get It Now seeks to compel arbitration pursuant to the terms of the Agreement and to stay this action during the pendency of the arbitration. (Doc. Nos. 5, 6.)

## DISCUSSION[1]

### I.   Legal Standard

Get It Now brings this motion pursuant to the Federal Arbitration Act ("FAA"). The FAA provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Get It Now asks the Court to stay the proceedings because the present dispute is governed by a written arbitration agreement. In determining whether to compel arbitration, the Court usually must determine: (1) whether a valid

---

[1]   Defendant's Memorandum in Support of their Motion to Compel (Doc. No. 6) is cited as "Memo." Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel (Doc. No. 10) is cited as "Opp." Defendant's Reply Brief (Doc. No. 13) is cited as "Reply."

3

agreement to arbitrate exists between the parties; and (2) whether the specific dispute is within the scope of that agreement. *Pro Tech Indus., Inc. v. URS Corp.,* 377 F.3d 868, 871 (8th Cir. 2004). But under the FAA, parties can agree to have an arbitrator decide whether claims fall within the scope of the agreement. *See, e.g.*, *Fallo v. High-Tech Inst.*, 559 F.3d 874, 877 (8th Cir. 2009) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). There is a strong presumption in favor of arbitration and any doubts concerning arbitration rights should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

## II.     Motion to Compel

Get It Now contends that the Arbitration Agreement is enforceable and valid and that Chavez's claims are within its scope. Chavez makes two principal arguments against arbitration. First, Chavez argues that the Arbitration Agreement is no longer enforceable based on the bankruptcy discharge and Chavez's failure to sign a reaffirmation agreement following discharge. Second, Chavez argues that the Court should nonetheless decline to enforce the Arbitration Agreement because the Court is a more appropriate forum in which to consider Chavez's claims arising out of Get It Now's alleged violation of the Discharge Injunction. In particular, Chavez asserts that an inherent conflict between the Bankruptcy Code and the FAA permits the Court to decline enforcement of the Arbitration Agreement with respect to Chavez's claims.

First, the bankruptcy discharge did not render the Arbitration Agreement unenforceable. A bankruptcy discharge extinguishes the debtor's obligation to pay, but the other contractual provisions remain enforceable. *See, e.g.*, *Gadomski v. Wells Fargo*

*Bank*, Civ. No. 17-00691, 2018 WL 263903, at *3 (E.D. Cal. Jan. 2, 2018) ("A bankruptcy discharge 'extinguishes only the personal liability of the debtor.'" (quoting *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991))). Thus, the Court concludes that the Arbitration Agreement remains in effect despite Chavez's bankruptcy discharge.

Even though the Arbitration Agreement remains in effect, the Arbitration Agreement should not be enforced if doing so conflicts with the Bankruptcy Code. "To determine if Congress intended to override the FAA's policy favoring arbitration in a particular statute, courts must examine: (1) the text of the statute; (2) its legislative history; and (3) whether an inherent conflict between arbitration and the underlying purposes of the statute exist." *In re Eber,* 687 F.3d 1123, 1129 (9th Cir. 2012) (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987)). The parties focus on the last factor—whether there is an inherent conflict. (Opp. at 5; Reply at 5.)

When a debtor files suit related to a bankruptcy discharge order, courts appear to enforce arbitration agreements so long as the debtor's claims do not arise from the creditor's attempts to collect the discharged debt. *See Mann v. Equifax Info. Servs., LLC*, Civ. No. 12-14097, 2013 WL 3814257, at *9 (E.D. Mich. July 22, 2013) (recognizing the distinction).[2] This is the case because attempting to collect discharged debt elevates the

---

[2]   *Compare, e.g.*, *Harrier v. Verizon Wireless Pers. Commc'ns LP*, 903 F. Supp. 2d 1281, 1282 (M.D. Fla. 2012) (denying motion to compel arbitration for claims arising from Verizon's attempt to collect discharged debt), *with Gadomski v. Wells Fargo Bank N.A.*, Civ. No. 17-00691, 2018 WL 263903, at *3 (E.D. Cal. Jan. 2, 2018) (compelling arbitration based on the distinction in *Mann*), *and Allen v. Equifax Info. Servs., LLC*, Civ. No. 17-211, 2017 WL 5762414, at *5 (W.D. Ky. Nov. 28, 2017) ("The Court agrees with the reasoning adopted in *McMahan*, *Jenkins*, and *Mann*. Allen brings an FCRA claim against Credit One. Submitting this claim to arbitration will not interfere with Allen's
(Footnote Continued on Next Page)

creditor-debtor dispute and conflicts with the Bankruptcy's Codes purpose of giving debtors a fresh start. *See, e.g.*, *In re Anderson*, 553 B.R. 221, 230 (S.D.N.Y. 2016) ("The Court agrees that arbitrating Plaintiffs-Appellees' § 524 claims would necessarily jeopardize the objectives of the Bankruptcy Code.") The Court concurs and follows this distinction.

Here, Chavez's claims arise from Get It Now seeking to collect the discharged debt. To allow these claims to be arbitrated would conflict with the Bankruptcy Code which is meant to give the debtor a fresh start. The Court therefore concludes that Get It Now's Motion to Compel should be denied.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendant Get It Now, LLC's Motion to Compel Arbitration and Stay Action (Doc. No. [5]) is **DENIED**.

Dated: January 16, 2018                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge

---

(Footnote Continued From Previous Page)
'fresh start' or otherwise conflict with the purposes of the Bankruptcy Code."). *But see In re Williams*, 564 B.R. 770, 778 (Bankr. S.D. Fla. 2017) (noting the conflict, but compelling arbitration for claims related to collecting discharged debt).